## THE NUSKA.

(District Court, S. D. Florida. June 28, 1924.)

No. 1447.

Sales ⟨⟐⟩267—Cross-libel by purchaser for breach of contract held not to state cause of action.

> Where a contract of sale of a marine engine, to be delivered f. o. b. cars, contained an express warranty and further expressed that it contained the entire contract, to the exclusion of any verbal agreement, a cross-libel in a suit to recover the contract price, setting up a claim for damages for breach of the contract because of defects, delays, and other matters, none of which were within the warranty, *held* not to state a cause of action.

In Admiralty. Suit by Fairbanks, Morse & Co. against the boat Nuska; the R. R. Ricon & Sons Company, claimant. On exceptions to and motion to dismiss cross-libel. Exceptions sustained, and cross-libel dismissed.

Martin H. Long, of Jacksonville, Fla., for libelant and cross-respondent.

John E. & Julian Hartridge, of Jacksonville, Fla., for claimant and cross-libelant.

CALL, District Judge. This cause comes on for hearing upon the cross-respondent's motion to dismiss the cross-libel, and its exceptions to the third and fourth articles of said cross-libel.

The libelant filed its libel, alleging the sale to claimant of one 60 H. P. type "C O" marine engine, with torch ignition, reverse gear, and coupling for propeller shaft, plunger circulating pump attached, air compresser attached, air tank and connections for starting; same to be furnished f. o. b. cars, Jacksonville, Fla., and shipped to R. R. Ricou & Son Company, Key West, Fla., for $4,720.50, to be paid on receipt of engine. The written contract attached to the libel, and admitted to have been the contract of purchase in the amended answer of respondent, contains this guaranty:

> "The machinery herein specified is guaranteed by us to be well made, of good material, and in a workmanlike manner. If any parts of said machinery fail through defect in workmanship or materials within one year from date of shipment thereof, this company will replace such defective parts, free of charge, f. o. b. cars our factory. * * * This company will not be liable for damages or delays caused by such defective material or workmanship, and it is agreed that its liability under all guaranties is expressly limited to the replacing of parts through defect in workmanship or material, free of charge, f. o. b. its factory, within the time and in the manner aforesaid.
>
> "It is expressly understood this proposal, made in duplicate, contains all agreements pertaining to property herein specified, there being no verbal understanding whatsoever, and when signed by the purchaser, and approved by an executive officer or local manager of Fairbanks, Morse & Co., becomes a contract binding parties hereto."

The libel seeks recovery of the contract price of the engine and in addition the price of a compressor, rubber belt, a propeller, trust collar, and set of brushes for generator, and in addition to these for labor

⟨⟐⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for installing the engine in the boat. After answering the libel, the respondents filed a cross-libel, in the third article of which they, after admitting making the contract pleaded in the libel, deny that libelant carried out the contract, and allege that libelant agreed to install the engine at Key West in the boat Nuska, to furnish a man to run the engine until it was entirely satisfactory and accepted by claimant, and to furnish a bronze shaft and propeller, which libelant failed to do; that upon failure of libelant to furnish a bronze propeller shaft, respondent was compelled to buy an iron shaft from other parties; that the propeller sent by libelant would not work with the iron shaft; that the engine was defective in character, and the parts suitable thereto were not furnished; that libelant under its contract was to superintend the installing of said engine until it was in perfect running order, but did not do so, thereby breaching the contract for sale, and cross-libelant was obliged to have other parties install same; that, after the engine was installed, libelant sent a representative to superintend and look after the work; that three weeks was spent before the engine could be started, owing to its defectiveness; that said engine ran hot and a cylinder was cracked; that this caused delay to cross-libelant and damage by reason of the boat being idle and men in fishing camp on pay and subsistence.

The fourth article alleges that the representative of libelant wired the Jacksonville office of the defective cylinder, and a secondhand cylinder and different motor parts that had not been supplied were sent down, and delay and expense was incurred in replacing the cracked cylinder, and damages caused to the cross-libelant in the sum of $4,492.61. To the cross-libel was attached a bill of particulars as follows:

Exhibit A.

R. R. Ricou & Sons Company in Account with Fairbanks, Morse & Company.

| 1921. | | Debit. | | Credit. |
|---|---|---|---|---|
| Jan. 1. | Grub R. G. Walls............... $ | 20.00 | | |
| | Cash ......................... | 50.00 | Jan. 12 Ck. | |
| | Labor starting engine .......... | 150.00 | R. G. Wells ...$50.00 | |
| | Fittings, short, engine.......... | 250.00 | | |
| | Boring propeller .............. | 40.00 | | |
| | Labor on time ................ | 50.00 | | |
| | Taking out faulty cylinder....... | 100.00 | | |
| | Putting in cylinder ............ | 100.00 | | |
| | Loss, service to fishermen ...... | 500.00 | | |
| | Inconvenience, loss in fish....... | 1,000.00 | | |
| | Hauling on ways .............. | 50.00 | | |
| | Express on cylinder ........... | 10.61 | | |
| Nov. 30. | Wm. Sweeting, labor, repairs, due to faulty cylinder ........... | 200.00 | | |
| 1922. | | | | |
| Nov. 16. | Check (68) John E. Hartridge, boat watch, 51 days........... | 129.50 | | |
| 18. | Check, same as above ......... | 2.50 | | |
| 20. | Boat tied up when needed 51 days @ $35.00 per day.............. | 1,785.00 | | |
| Oct. 12. | Parker & Thomas .............. | 105.00 | | $50.00 |
| | | $4,542.61 | | |
| | Balance ...................$4,492.61 | | | |

The cross-respondent excepted to the third and fourth articles of the cross-libel and moved to strike said cross-libel. These exceptions raise the question whether these articles state a cause of action against the cross-respondent for damages suffered by reason of the delay or the defects alleged. If they do, then the exceptions should be over-ruled. If they do not, the exceptions should be sustained. In considering this question, the written contract must be the guide. It must be also borne in mind that the article sold was a well-known, defined, and described article. The contract signed by the parties contains the guaranty heretofore quoted and governs, and, being express, there is no implied warranty that the engine would fulfill the purposes for which it was bought. Measured by this express warranty, these articles of the cross-libel do not state a cause of action to recover damages or expenses incurred by reason of delay in having the use of the boat, expense of starting engine, putting in other cylinder, etc., as contained in bill of particulars above quoted. The parties by their contract expressly stipulate that the entire contract between them was contained in the writing, and by that writing the cross-libelant must stand or fall. It is true the written contract refers to the purchase of the engine, and the libel claims for a propeller and some other items not mentioned in the contract of sale; but the articles under discussion do not separate these items from the engine. No attempt is made to plead them separately from the contract of sale, but it sets up the facts to show a breach of the contract of sale, and this neither of the articles do. The exceptions must therefore be sustained.

With these articles out of the cross-libel, nothing remains on which to base any relief, and the motion to strike will also be granted.