J. A. TRUE *et al. v.* J. B. DEEDS & SON.*

J. B. DEEDS & SON *v.* J. A. TRUE *et al.*

(*Nashville.* December Term, 1924.)

1. **SALES.** Circuit court held to have jurisdiction to try legal action to rescind contract.

   Under Uniform Sales Act, section 69, subd. d, the circuit court has jurisdiction of an action at law by the buyer of personalty against the seller alleging total failure of consideration, an offer to tender property back, and seeking a judgment for amount paid. (*Post, pp.* 632-634.)

   Acts cited and construed: Acts 1919, ch. 118.

2. **CANCELLATION OF INSTRUMENTS.** Equitable remedy of cancellation is discretionary.

   Equitable remedy of cancellation is discretionary. (*Post, p.* 634.)

3. **SALES.** Right to rescind contract as conferred by statute is absolute.

   Right to rescind contract as conferred by Uniform Sales Act, section 69, subd. d, is an absolute and not a discretionary right. (*Post, pp.* 634, 635.)

4. **SALES.** Whether breach of warranty existed held only issue in a suit to rescind contract.

   In a suit to rescind a contract as authorized by Uniform Sales Act, section 69, subd. d, the only issue involved is whether a breach of warranty existed. (*Post, pp.* 634, 635.)

5. **SALES.** Entire or substantial failure of consideration permits rescission of contract and recovery of money paid or of value of goods advanced.

   Entire or substantial failure of consideration permits rescission of contract and recovery of money paid or of value of goods advanced. (*Post, pp.* 635, 636.)

---

*Headnotes 1. Courts, 15 C. J., Section 418; 2. Cancellation of Instruments, 9 C. J., Section 7; 3. Sales, 35 Cyc., p. 139 (1926 Anno); 4. Sales, 35 Cyc., p. 139 (1926 Anno); 5. Sales, 35 Cyc., pp. 139, 602.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County. —Hon. A. G. Rutherford, Judge.

G. S. Moore and W. F. Carpenter, for True.

Paul Williams, Louis Leftwich and M. S. Lebeck, for J. B. Deeds & Son.

Mr. Justice McKinney delivered the opinion of the Court.

These suits were tried together and grew out of the same transaction.

In March, 1922, Deeds sold True a tractor, harrow, and plow for $850; $500 being paid at the time, and a note for $350 executed payable in six months. When it became due True executed a renewal note.

In November, 1923, Deeds sued True for the balance due on said renewal note.

In January, 1924, True instituted an original suit in the circuit court alleging, in his declaration, a total failure of consideration, an offer to tender the property back, and sought a judgment for the $500 paid.

The trial court, being of the opinion that he did not have jurisdiction in a suit to rescind a contract, dismissed the last suit.

In the first suit he entered judgment in favor of Deeds for the balance due on the note, holding that True had

not shown the extent of his damage as a result of the breach of warranty.

The case was tried before a jury, but the trial court directed verdicts conformable to his conception of the cases.

There being evidence that the tractor was worthless, the court of civil appeals held that the evidence was sufficient to take the first case to the jury. While there was no evidence that the harrow and plow were worthless, and no proof being introduced as to what part of the consideration these articles represented, we know that it was not as much as $500. Hence, had the jury found that the tractor was without value, Deeds would have been entitled to no judgment on the note.

This case will be affirmed.

In the second case the court of civil appeals agreed with the trial court in holding that he was without jurisdiction, but held that since no demurrer was interposed to the jurisdiction, he should have heard the case or transferred it to the chancery court under section 6074 of Shannon's Code, which is as follows:

"Any suit of an equitable nature, brought in the circuit court, where objection has not been taken by demurrer to the jurisdiction, may be transferred to the chancery court of the county or district, or heard and determined by the circuit court upon the principles of a court of equity, with power to order and take all proper accounts, and otherwise to perform the functions of a chancery court."

Both courts were in error. The circuit court had jurisdiction of the case.

The legal remedy of rescission has been confused with the equitable remedy of cancellation of instruments. Although these words are generally used interchangeably, there is a distinction between the two remedies.

The suit in question is predicted upon subsection (d) of section 69 of the Uniform Sales Act; chapter 118, Acts of 1919. We here quote the section down to and including that part of the section involved, to-wit:

"Be it further enacted, That: (Remedies for breach of warranty.) (1) Where there is a breach of warranty by the seller, the buyer may, at his election:

"(a) Accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price;

"(b) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty;

"(c) Refuse to accept the goods, if the property therein has not passed and maintain an action against the seller for damages for the breach of warranty;

"(d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

It will be observed that the buyer is given the legal right to tender back the property and sue for a recovery of the money paid, and this is denominated a rescission.

The situation would be unique if the buyer can proceed under the first three remedies named in the circuit court, but must resort to equity if he wishes to proceed

under the fourth, and that, too, when all are of the same nature.

The equitable remedy of cancellation is a discretionary one.

In 9 Corpus Juris, 1161, it is said: "An application to a court of equity for the rescission, cancellation, or delivering up of agreements and securities is not founded on an absolute right, as in case of an action at law on a contract or in tort, but is rather an appeal to the sound discretion of the court, which in granting or refusing the relief prayed acts on its own notions of what is reasonable and just under all the surrounding circumstances. The court before granting the rescission or cancellation of a contract often considers whether the relief prayed would be attended with hardship or not, or whether a superior or inferior equity arises on the part of the applicant."

Under the Uniform Sales Act the right to rescind is expressly given. It is absolute and not discretionary. The only question which the court or jury has to decide is: Was there a breach of warranty?

In 9 Corpus Juris, 1159, it is said: "A court of equity entertains a suit for the express purpose of procuring a contract or conveyance to be canceled and renders a decree conferring in terms that exact relief. A court of law entertains an action for the recovery of the possession of chattels, or, under some circumstances, for the recovery of land, or for the recovery of damages, and although nothing is said concerning it either in the pleadings or in the judgment, a contract or conveyance, as the case may be, is virtually rescinded; the recovery is based on the fact of such rescission and could not have been

granted unless the rescission had taken place. The fact that the same word, 'rescission,' is used to designate both the equitable remedy of cancellation and the termination of a contract by the act of a party has been productive of no little confusion. 'In many of the cases for rescission in equity language is used from which it might be inferred thàt precisely the same principles govern in suits in equity that are applied to determine the right of the party to sue at law.' ''

And on page 1160 it is said: ''A court of equity has jurisdiction to rescind or to cancel a contract regardless of whether the property to which the contract relates is personal or real property. In cases of sales of personal property, however, the remedy at law is ordinarily adequate and complete, and rescission is generally effected by act of party which is frequently followed by an action at law.

''Futhermore, although the facts which are the occasion of the equitable remedy of cancellation are usually grounds for some legal action or defense, cancellation is properly classed in the exclusive jurisdiction of equity, since it is a remedy which equity courts alone are able to confer.''

In 13 Corpus Juris, under the title of Contracts, page 609, it is said: ''The cancellation or rescission of contracts by a court of equity is elsewhere treated, the scope of this article being confined to rescission by the act of the party himself. The two remedies are not the same, although closely analogous.''

And on page 612 it is said: ''An entire or substantial failure of consideration will permit a rescission of the

contract, and a recovery back of the money paid, or of the value of goods advanced.''

The judgment of the court of civil appeals will be modified in accordance with this opinion, and both cases will be remanded for a new trial.

The cost of the appeal will be paid by Deeds & Son.

The costs in the trial court will be adjudged upon the final hearing of the cases.