ALLEN LITTLE, RESPONDENT, v. W. O. WIDENER ET AL., APPELLANTS.
—32 S. W. (2d) 116.

Kansas City Court of Appeals.   May 26, 1930.

*Allen R. Browne* and *Gamble, Browne & Allen* for respondent.

*L. L. Watts* for appellant.

BLAND, J.—This suit, arising in a justice court, is to recover damages for breach of a warranty in the sale of a paint gun. There was a verdict and judgment in favor of plaintiff in the sum of $500 and defendants have appealed.

The facts show that in March, 1927, plaintiff, who was a painter, purchased a DeVilbiss paint gun from defendants who were implement dealers doing business in Kansas City under the trade name of the Southwest Pump and Machinery · Company. Defendants were agents and distributors for the type of gun in question and the equipment necessary for its operation. The paint gun was sold to the plaintiff under a conditional sales contract, providing that the title to the gun should not pass until the entire purchase price was paid in cash. The purchase price of the gun was $283.50 of which plaintiff had paid but $85. The contract of sale was in writing and contained the following:

"The apparatus furnished under this agreement by the vendor to be new and free from inherent mechanical defects and any part excepting the hose proving otherwise within one year from date of purchase will be replaced or repaired.

"It is expressly agreed and understood that there is no promise, agreement, or understanding outside of this proposal other than is stated herein."

Plaintiff used the paint gun in question in painting three or four houses but it did not work satisfactorily. The paint applied streaked and the gun used too much paint. Several vain attempts were made to adjust the paint gun by representatives of defendants. At first defendants' representative suggested the purchase of additional equipment which suggestion plaintiff complied with but the use of this equipment did not remedy the defect. Plaintiff refused to pay the balance due under the contract and brought this suit for damages.

At the trial plaintiff testified to the effect that he had never seen a paint gun used in painting houses; that when he purchased the one in question he informed the defendants that he was a brush painter and that the principal use he expected to make of the gun was to paint houses and that defendants recommended the gun for that purpose. The inference to be drawn from plaintiff's testimony is that defendants knew that he had never used a paint gun and was not familiar with such an appliance and that he relied upon defendants' judgment in recommending the one that they sold to him for use in painting houses. Plaintiff testified that the first representative of the defendants who attempted to make the gun work after plaintiff started to use it told him that the gun was for automobile painting and that air pressure used in such painting was less than in painting houses.

It is contended that the court erred in refusing to sustain defendants' demurrer to the evidence; that the paint gun being sold under a conditional sales contract plaintiff cannot maintain this suit for damages for breach of warranty until after the title passed and, as plaintiff has not paid the full purchase price of the gun the last mentioned event has not yet transpired. Whether or not the purchaser under a conditional sales contract may maintain a suit for damages for breach of a warranty of the thing sold until title to it passes to him we need not say as there is no question but that in this case the title did pass. The evidence shows that at the time the contract was entered into plaintiff, in payment of the purchase price of the gun, gave defendants an installment note and chattel mortgage upon the gun securing the note. The giving of the mortgage made the sale absolute. This is supported by the weight of authority. [35 Cyc. 675; Am. Soda Fountain Co. v. Blue et al., 40 So. 218; Austin v. Hamilton, 96 Ga. 759; McCormick Harvesting Machine Co. v. Lewis, 52 Kan. 358; Beer v. Aultman-Taylor, 32 Minn. 90; C. Aultman & Co. v. Silha, 85 Wis. 359; Hinchman v. Point Defiance Ry. Co., 14 Wash. 349.]

It is contended that there could be no implied warranty of fitness because the express warranty mentioned in the written contract excluded such an implied warranty. Under this contention the question arises as to whether the written contract shows on its face that it was the intention of the parties that the warranty therein contained be the only warranty made in the sale.

"The general rule denies an implied warranty, as to any matter or particular which may be brought within the purview of intendment of the special warranty. But there may be an implied warranty so wholly independent of anything contemplated in the express warranty, as to stand by virtue of its own distinctive force." [17 Mo. App. 264, 269.]

[See, also, Machine Co. v. Gasperson, 168 Mo. App. 558; Miller & Co. v. Hunter, 82 Mo. App. 632, 634; General Fireproofing Co. v. L. Wallace & Son, 175 Fed. 650, 659; 35 Cyc. 392.] In the case of Fairbanks, Morse & Co. v. Baskett, 98 Mo. App. 53, 69, the court said:

"The law is that where there are express warranties in a contract, implied warranties are excluded if it is apparent those expressed were intended to embrace all the obligations assumed by the warrantor; or, as is sometimes said in reference to this class of agreements, if a person chooses to rely on terms made by himself instead of the implications of the law, the law leaves him to the relief the agreed terms afford him." [See, also, Fruit & Truck Association v. Hartman, 146 Mo. App. 155, 168; Hunt v. Sanders, 313 Mo. 168, 180.]

We need not say whether if the written contract had merely provided that the gun be warranted as free from inherent mechanical defects that such a warranty would exclude an implied warranty of fitness. However, immediately after providing an express warranty of freedom from inherent mechanical defects the contract recites: "It is expressly understood and agreed that there is no promise, agreement or understanding outside of this proposal other than is stated herein." Reading together all of these provisions of the written contract we think it is quite apparent that it was understood that the express warranty mentioned therein was to be the only one to govern the sale. [Branch v. James & Peddy (Ga.), 60 S. E. 1027.] An implied warranty is one the law derives by inference from the nature of the transaction or of the relative situation or circumstances of the parties. [35 Cyc. 366.] There can be no such inference when the parties themselves expressly provide to the contrary, as in this case. The court, therefore, erred in refusing to instruct the jury to find for the defendants.

The express warranty contained in the written contract cannot be construed as one of general fitness for its intended use. The gun might have been free from mechanical defects yet not a proper one for painting houses.

When plaintiff bought the paint gun defendants showed him a catalog which contained a statement that the gun was guaranteed as satisfactory and would do painting in a smooth and workmanlike manner, and plaintiff contends that by reason of this statement in the catalog, in addition to an express warranty provided in the written contract, the catalog contained an express warranty of fitness. The introduction of this catalog in evidence was objected to by defendants. Plaintiff's contention is disallowed. It is well settled that parol evidence is not admissible to add a warranty. [Sunderland v. Hackney Mfg. Co., 192 Mo. App. 287, 290; DeWitt v. Berry, 134 U. S. 306; Benjamin on Sales, par. 621, Bennett's 7th Ed.]

While defendants were attempting to make the paint gun work they again called the attention of the plaintiff to the guaranty contained in the catalog. It is claimed by plaintiff that this was a new contract of express warranty made in consideration of the continuation of the use of the gun by plaintiff and, therefore, it may be the subject of a recovery. However, the trouble with this contention is that this warranty is not sued upon. The statement filed in the justice court specifically mentioned a warranty made as of the time of the sale of the gun.

Plaintiff insists that the appeal should be dismissed because: "the specifications of errors and points and authorities are too general and indefinite to be considered by this court, since errors of the trial court are not mentioned specifically or with particularity and

because said points are are merely general statements of substantive law.''

The assignment of errors is as follows:

''1. The court erred in overruling defendants' demurrer at the close of the case.

''2. Judgment was erroneous, and the court erred in overruling defendants' motion in arrest.

''3. The court erred in the admission of testimony as to the measure of damages.

''4. The court erred in refusing to give defendants' instructions on the measure of damages and for nominal damages.

''5. The court erred in the admission of incompetent, irrelevant and immaterial evidence offered by the plaintiff.''

There is no question but that the assignment of errors is sufficient to raise the question that the court erred in overruling defendants' demurrer to the evidence. The assignment that the court erred in overruling said demurrer is fully developed in the brief. There is no merit in the contention that the assignment of error in question was not sufficiently mentioned in the motion for a new trial. [State ex rel. v. Reynolds, 278 Mo. 554.]

The judgment is reversed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.