### FORD MOTOR CO. v. CULLUM.
### No. 8342.

Circuit Court of Appeals, Fifth Circuit.
April 13, 1938.

Rehearing Denied May 9, 1938.

Gabe P. Allen, of Dallas, Tex., for appellant.

Glover Johnson, of Fort Worth, Tex., for appellee.

Before FOSTER and HOLMES, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

Ford Motor Company sold to Dyke Cullum, its retail sales agent at Fort Worth, Tex., a Lincoln automobile to be used as a demonstrator. The contract of purchase was consummated at Detroit, Mich., where Cullum paid the purchase price, took delivery of the car, and personally drove it back to Texas. Mechanical defects developed in the car almost immediately, rendering it useless as a demonstrator, and substantially impairing its operating efficiency for ordinary use.

Ford Company, through its own agents at Dallas, several times attempted to remedy these defects, but without success. Thereupon, Cullum sued for rescission, tendering back the car. Ford appeals from a judgment below, awarding Cullum a recovery of the full purchase price, and vesting title and possession of the car in Ford.

Appellee, Cullum, contends that because the car was sold for a demonstrator, there was an implied warranty of fitness for that purpose, for breach of which rescission will lie.

Appellant relies upon the following express warranty printed upon the back of the written order for the car, and expressly referred to therein, as excluding any implied warranty of fitness: "The Lincoln Motor Company warrants each new vehicle * * to be free from defects in materials and workmanship, under normal use and service, its obligations being limited to replacing * * * any part or parts" shown to be defective; "this warranty being expressly in lieu of all other warranties, expressed or implied, and all other obligations or liabilities on its part, and it neither assumes nor authorizes any individual, body corporate or others to assume for it any other or additional liability in connection with the sale of its vehicles."

The contract of sale was a Michigan contract. The Uniform Sales Act, adopted in that state, provides, section 15, Comp. Laws Mich.1929, § 9454, that there is no implied warranty of quality or fitness, except, inter alia: "(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, * * * there is an implied warranty that the goods shall be reasonably fit for such purpose. * * * (5) An implied warranty or condition as to quality or fitness for a particular purpose may be annexed by the usage of trade. (6) An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

Generally, as well as under section 15 of the Uniform Sales Act, when an article is purchased from a manufacturer for a special and designated purpose, the purchaser relying upon the manufacturer's skill and judgment and having no opportunity to inspect or test the article, an implied warranty of fitness arises by operation of law. Kellogg Bridge Co. v. Hamilton, 110 U.S. 108, 3 S.Ct. 537, 28 L.Ed. 86; Bagley v. Fire Extinguisher Co., 2 Cir., 150 F. 284; Marbury Lbr. Co. v. Stearns Mfg. Co., Ky., 107 S.W. 200; In re The St. S. Angelo Toso, 3 Cir., 271 F. 245; Ideal Heating Co. v. Kramer, 127 Iowa 137, 102 N.W. 840; 55 C.J. 750. An express warranty and an implied warranty, when consistent, may exist in the same contract of sale. By express agreement, however, the parties may limit the warranty as they desire. It is a matter of contract. It is competent for the parties to stipulate that there shall be no warranty or liability other than that expressed in the contract, and a warranty of fitness will not be implied in conflict therewith. Bekkevold v. Potts, 173 Minn. 87, 216 N.W. 790, 59 A.L.R. 1164 and Annotations; 55 C.J. 722, 731; Century Electric Co. v. Detroit Copper & Brass Rolling Mills, 8 Cir., 264 F. 49; The Nuska, D.C., 300 F. 231.

An implied warranty of fitness as a demonstrator is clearly excluded by the terms of this contract of sale, even under section 15 of the Uniform Sales Act. The

language of the above-quoted express warranty clearly negatives an intent to contract with respect to an implied warranty of fitness. Hummer v. Carmalt, 54 App.D.C. 157, 295 F. 978; Industrial Finance Corp. v. Wheat, 142 Miss. 536, 107 So. 382; Ford Motor Co. v. Switzer, 140 Va. 383, 125 S.E. 209; Case Threshing Mach. Co. v. Manes, Tex.Com.App., 254 S.W. 929; Little v. Widener, 226 Mo.App. 525, 32 S.W.2d 116; Fruit Dispatch Co. v. C. C. Taft Co., 197 Iowa 409, 197 N.W. 302; Elmberg Co. v. Dunlap Hardware Co., Tex.Com.App., 267 S.W. 258; Oldfield v. Int. Motor Co., 138 Md. 35, 113 A. 632; 55 C.J. 723, 731; 42 C.J. 780, 783. Cf. Williams Transp. Line v. Cole Transp. Co., 129 Mich. 209, 88 N.W. 473, 56 L.R.A. 939; Rimmele v. Huebner, 190 Mich. 247, 157 N.W. 10.

■ But the express warranty above quoted is to be given effect. Clearly the car was substantially defective, even "under normal use and service." It remained so even after appellant's efforts to remedy or replace the defective parts. The difficulties were largely structural, not remediable by ordinary repairs. To ineffectually replace the defective parts, leaving the car still defective under normal use and service, was not a sufficient compliance with the seller's obligation under the express warranty. In these circumstances, for breach of the seller's express warranty that the car was free from defects in materials and workmanship, and of its obligation to replace defective parts, the purchaser was entitled under section 69 of the Uniform Sales Act, Comp.Laws Mich.1929, § 9508, to rescind and recover the purchase price.

The pertinent portion of that section is as follows: "Remedies for breach of warranty: (1) Where there is a breach of warranty by the seller, the buyer may, at his election: * * * (d) Rescind the contract to sell or the sale, and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

■■ The above-quoted section 69 creates a remedy inherent in the contract of sale, to which the common law, if in conflict, must yield. Such remedy is available in the forum in which the contract rights are asserted, unless there prohibited by statute or local policy. Williston on Sales, 2d Ed., 600–608a; Beale, Conflict of Laws, 371.1; Clifford v. Stewart, 153 Minn. 382, 190 N.W. 613; True v. J. B. Deeds & Son, 151

Tenn. 630, 271 S.W. 41; Scriven v. Hecht, 2 Cir., 287 F. 853. Cf. Lykes Bros. S. S. Co. v. Esteves, 5 Cir., 89 F.2d 528.

■ It is clear that the car was not "free from defects in materials and workmanship under normal use and service," and that the seller failed in its obligation to replace the defective parts. Plaintiff below did nothing to waive the express warranty or to estop him from claiming the benefit of it. Appellant was therefore not entitled to a directed verdict below. If there was error or ambiguity in the trial court's charges, it was not prejudicial. The judgment does substantial justice between the parties, and should be affirmed. 28 U.S.C.A. § 391.

Affirmed.