**W. E. HARGROVE, Plaintiff-Appellant,**

v.

**W. R. LEWIS and A. F. Evans, d/b/a Stod-
dard Implement Company, Defend-
ants-Respondents.**

No. 7676.

Springfield Court of Appeals.

Missouri.

May 14, 1958.

Robert A. Dempster, Daniel S. Norton, Sikeston, for plaintiff-appellant.

C. A. Powell, Dexter, for defendants-respondents.

STONE, Presiding Judge.

On October 11, 1954, plaintiff herein, then farming near Sikeston, Missouri, purchased from defendants, then operating a farm implement business at Dexter, Missouri, a new Allis-Chalmers one row cotton picker for $2,900. In plaintiff's petition filed on April 25, 1957, he alleged that "defendants guaranteed and expressly warranted that said cotton picker would pick a field cleanly of cotton"; that, however, the cotton picker "would not pick the cotton as guaranteed" and it was "impossible to use" the picker; and, that plaintiff "on numerous occasions" had told defendants that the cotton picker "would not work"

and had tendered its return. The prayer of the petition was for a money judgment for the sale price of the cotton picker. Following trial, judgment for plaintiff in the sum of $2,900 was entered upon the jury verdict; but thereafter, upon defendants' timely motion under Section 510.290, RSMo 1949, V.A.M.S., the trial court set aside the judgment for plaintiff and entered judgment for defendants in accordance with their motion for a directed verdict at the close of the entire case. From that final judgment, plaintiff appeals.

Although plaintiff pleaded and, upon trial, offered to show that the cotton picker had been sold on an *express* oral warranty, such offers of proof were denied because it was shown indisputably that the cotton picker was sold pursuant to a written contract signed by plaintiff and defendants' sales manager, which specifically stated, under the heading "Warranty," that: "It is understood that the Allis-Chalmers machinery is sold by the Dealer (defendants) with the standard warranty of the Manufacturer, set forth in full on the reverse side hereof. *This warranty is the only warranty either express, implied, or statutory, upon which said machinery is sold."* (All emphasis herein is ours.) The warranty printed on the reverse side of the contract was, in substance, a warranty to repair or replace without charge any part or material found defective within one year after the date of sale. It was followed by another statement that *"this warranty to repair is the only warranty either express, implied, or statutory, upon which said machinery is sold."* Proof of the alleged *express* oral warranty that the "cotton picker would pick a field cleanly of cotton" having been excluded by the court's rulings, plaintiff tried and submitted his case (as he now declares in his appellate brief) on the theory of "rescission based upon breach of *implied* warranty of fitness."

◼ In setting aside the judgment obtained by plaintiff on that theory and in entering judgment for defendant, the trial court followed a long line of Missouri cases holding that, where the parties to a sale have entered into a written contract, complete on its face, and there is no fraud, accident or mistake, an express contractual disclaimer of any warranty other than those specifically provided in the written contract precludes proof of, or reliance upon, an implied warranty of fitness. Brandtjen & Kluge v. Hunter, 235 Mo.App. 909, 925, 145 S.W.2d 1009, 1017(23); Crossan v. Noll, Mo.App., 120 S.W.2d 189, 191–192; Little v. Widener, 226 Mo.App. 525, 528, 32 S.W.2d 116, 117(2); Sunderland v. Hackney Mfg. Co., 192 Mo.App. 287, 181 S.W. 1192; Fairbanks, Morse & Co. v. Baskett, 98 Mo.App. 53, 69, 71 S.W. 1113, 1118; Wood Mowing & Reaping Machine Co. v. Bobbst, 56 Mo.App. 427. Consult also Nemeth v. Becker Roofing Co., Mo.App., 151 S.W.2d 559, 563–564(3, 4); Boyer v. Neel, 50 Mo.App. 26, 35–36; Williston on Sales (Rev.Ed.), Vol. 1, § 215, p. 554; annotation 164 A.L.R. 1321. Noting carefully that plaintiff's brief on appeal neither questions the soundness of the above-stated principle nor challenges the propriety of setting aside the judgment obtained by plaintiff on the theory of *rescission for alleged breach of an implied warranty of fitness,* we direct our attention to the sole issue here presented, to-wit, whether the trial court erred prejudicially in entering judgment for defendants *"without ordering a new trial."* Arguing that the evidence showed that "the cotton picker was worthless," plaintiff insists that he should have been granted another trial in order that he might have presented his case on *"the theory of rescission based upon complete failure of consideration."*

Although plaintiff said that the cotton picker "picked about half of the cotton, * * * about a fourth of the cotton went on the ground and about a fourth * * * was strung out on the stalk," his testimony, viewed in its entirety, indicates that he did not regard the picker as "worthless." For example, in his first complaint to defendants' sales manager, Walker Uht, plaintiff told Uht that the picker

"wasn't satisfactory" and that "we would like to have some arrangements made to dispose of the picker"; and, in a discussion with Uht *in the Summer of 1956* when (as plaintiff said) Uht promised to "get somebody up here and we will move it," plaintiff's response to Uht was, "well, sell it; I would like to have all of my money back that I could get." But *assuming,* for the purposes of this opinion, that the jury reasonably might have found that the picker was "worthless," it by no means follows that a retrial should be ordered. For, careful factual consideration and extensive legal research have impelled our conclusion that, *on the facts of the instant case,* there is no substantial and material difference between plaintiff's trial theory of *rescission for alleged breach of an implied warranty of fitness* and his proposed theory of *rescission for alleged complete failure of consideration,* and that plaintiff's plea for retrial on the proposed theory amounts to nothing more nor less than a request for a second trial on the same theory.

■ Of course, there may be complete failure of consideration where there is no breach of warranty, e. g., where a seller is unable or fails to deliver the property sold or has no title thereto [77 C.J.S. Sales § 22b, p. 625], but we have no such factual situation here. Defendants delivered to plaintiff the article described in the written contract, to-wit, a 1954 Allis-Chalmers one row cotton picker, and plaintiff's title thereto has not been challenged or disturbed. It is the fact (if so) that the cotton picker was "worthless" (urged by plaintiff upon trial as the essential and ultimate fact supporting his theory of rescission for alleged breach of an *implied warranty of fitness*), which would constitute the "failure of consideration" to be shown upon retrial [Bank of Polk v. Wood, 189 Mo.App. 62, 66, 173 S.W. 1093]; and, proof of such alleged failure of consideration would be confined to the same evidence that the cotton picker was "worthless." Consult Acme Harvesting Mach.

Co. v. Gasperson, 168 Mo.App. 558, 570, 153 S.W. 1069, 1073(2); Montaldo Furniture Co. v. Chapman, Mo.App., 31 S.W.2d 230, 231.

■ The reported Missouri cases leave no room for doubt but that a plea of failure of consideration (as that term is used in this jurisdiction) may be based upon an alleged breach of either an implied or an express warranty. Acme Harvesting Mach. Co. v. Gasperson, supra, 168 Mo.App. loc. cit. 571, 153 S.W. loc. cit. 1073; J. B. Colt Co. v. Preslar, Mo.App., 274 S.W. 1100, 1101; Morton Electric Co. v. Schramm, Mo.App., 277 S.W. 368, 370–371(4); Montaldo Furniture Co. v. Chapman, supra, 31 S.W.2d loc. cit. 232(3). Consult also Brown v. Weldon, 99 Mo. 564, 568, 13 S.W. 342, 343; Branson v. Turner, 77 Mo. 489, 493–494(2); Progressive Finance & Realty Co. v. Stempel, 231 Mo.App. 721, 726, 95 S.W.2d 834, 836; Mason v. Crabtree, Mo.App., 186 S.W. 553, 554(3); Brooks Tire Mach. Co. v. Wells, 182 Mo.App. 50, 167 S.W. 604; Schoenberg v. Loker, 88 Mo.App. 387, 391–392; St. Louis Brewing Ass'n v. McEnroe, 80 Mo.App. 429, 431–432; McCormick Harvesting Machine Co. v. Brady, 67 Mo.App. 292; Johnson v. Sproull, 50 Mo.App. 121; Hayner & Co. v. Churchill, 29 Mo.App. 676, 683. It has been recognized that the term "failure of consideration" frequently is used interchangeably with damages for breach of warranty [Overstreet, *Implied Warranties in Missouri,* 10 M.L.R. 147, 176, 183 (1945); Brown v. Weldon & Lankford, 27 Mo.App. 251, 268]; and, in Adams v. Hughes, Mo.App., 235 S.W. 168, 170, it was thought to be "not material * * * whether defendant's answer and counterclaim sound in breach of warranty, or failure of consideration, or both." We recently had occasion to observe, per Ruark, J., that breach of warranty "goes hand in hand" with failure of consideration [Heuer v. Ulmer, Mo.App., 281 S.W.2d 320, 324]; and, speaking in the same figurative style, we are convinced that, in the case presently presented, plaintiff's

trial theory of rescission for alleged breach of implied warranty of fitness neatly and necessarily telescopes into and is contained within his proposed theory of rescission for alleged complete failure of consideration, even as a peg fits exactly in the hole for which it was shaped, a pea is cradled snugly within the pod where it was nourished, and a hand slips easily into the glove fitted to it. We decline to participate in a game of legalistic logomachy. Attending to the meaning and not the phrase, to the substance and not the form, we find the same kernel within the shell of plaintiff's proposed theory. In fact and in law, there is no more difference between his trial theory and his proposed theory than between tweedledum and tweedledee.

 Emphasizing that plaintiff has not attacked the holding of the trial court that a submissible case was not made on the trial theory of rescission for alleged breach of an implied warranty of fitness, noting that apparently all *competent* evidence was presented upon trial and there has been no suggestion of fraud [contrast Bryan Tractor & Implement Co. v. Pagel, Tex.Civ. App., 272 S.W.2d 397, a cotton picker case], and observing that our consideration has been delimited precisely to the issue presented in plaintiff's brief [compare Dotson v. International Harvester Co., 365 Mo. 625, 639, 285 S.W.2d 585, 593], we are satisfied that the instant record does not invoke our discretionary power to remand the case upon this appeal by plaintiff from the judgment for defendants properly entered pursuant to the power which Section 510.290, RSMo 1949, V.A. M.S., authorizes and directs trial judges to exercise in appropriate circumstances. Lance v. Van Winkle, 358 Mo. 143, 151, 213 S.W.2d 401, 405(11); Oliver v. Oakwood Country Club, Mo., 245 S.W.2d 37, 42(8).

The judgment for defendants is affirmed.

McDOWELL and RUARK, JJ., concur.