MEMPHIS TRANSIT MANAGEMENT COMPANY and DAN E.
STEWART, Petitioners,

*v.*

HARVEY BRADSHAW and LOUIS B. STEPHENSON,
Respondents.

403 S.W.2d 298.

(*Jackson*, April Term, 1966.)

Opinion filed May 20, 1966.

ELMORE HOLMES, III, and JOE D. SPICER, Memphis, ARMSTRONG, McCADDEN, ALLEN, BRADEN & GOODMAN, Memphis, of counsel, for petitioners.

DON G. OWENS, Memphis, for respondents.

Mr. Justice Chattin delivered the opinion of the Court.

These two actions for personal injuries arose out of an automobile collision and were consolidated for trial. The collision occurred on December 18, 1963, between a bus owned by the defendant, Memphis Transit Management Company, and operated by the defendant, Dan E. Stewart; and an automobile which was owned and operated by plaintiff, Louis B. Stephenson, and in which the plaintiff, Harvey Bradshaw, was a passenger.

The trial was before a jury and verdicts of $2,000.00 and $13,000.00 were returned in favor of the plaintiffs, Harvey Bradshaw and Louis B. Stephenson, respectively.

From the judgments entered on the verdicts, the defendants appealed to the Court of Appeals, which Court affirmed the judgments of the trial court.

We have been presented with a petition for certiorari on behalf of the defendants, which we have granted.

In each of the declarations, each plaintiff charged, among other common law acts of negligence and violations of certain ordinances of the City of Memphis, that defendant, Dan E. Stewart, attempted to drive the bus "when he knew, or in the exercise of reasonable and ordinary care should have known, that he was incapacitated and unable to properly drive the bus."

The defendants filed a plea of the general issue and also a special plea to each of the declarations. In each of the special pleas the defendants averred that defendant, Stewart, accidentally cut his finger while operating the bus and very soon thereafter stopped the bus and alighted therefrom, wrapped his finger and afte ra short time in the fresh air returned to the bus at which time he had no

indication of any illness. That after he started the bus forward, he suddenly "blacked out" or lost consciousness and collided with the automobile.

The facts are in the main undisputed. On the day of the collision at approximately five thirty-five P.M., the defendant, Stewart, was operating the bus eastward on Madison Avenue. A short time prior to the collision Stewart accidentally cut the middle finger on his left hand while checking the bus heater. The cut was not painful, but bleeding occurred and he wrapped the finger with a money bag.

After Stewart cut his finger he made two passenger stops, the last stop being east of Dunlap Street. At this point, Stewart began to feel sick at his stomach. He alighted from the bus and unwrapped his finger and noticed it had almost quit bleeding. He walked in the cool air for two or three minutes and began to feel better. He re-entered the bus and started forward and after the bus had traveled about seventy-five feet he suddenly fainted, or lost consciousness, and did not regain consciousness until after the collision.

There is testimony in the record Stewart's general physical condition at the time of the accident was good; that the cut on his finger was not a type of injury which would cause a person to lose consciousness; and that Stewart had never fainted, or lost consciousness, during his life prior to the occasion of the accident; although he could recall having cut his hand on two previous occasions.

Stewart admitted on cross examination he got off the bus because he did not feel capable of operating the bus at the time; but, at the time he re-entered the bus, he felt somewhat better.

When the proof was concluded in the trial court, the defendants made a motion for a directed verdict on the ground there was no evidence of actionable negligence on the part of Stewart, because it was undisputed he had lost consciousness and there was no evidence he foresaw or should have forseen he would suddenly lose consciousness.

The trial judge overruled this motion and the Court of Appeals affirmed this action of the trial judge.

It is contended in this Court the Court of Appeals was in error in affirming the trial judge in this respect.

We think the Court of Appeals was correct in affirming the action of the trial judge in refusing to direct a verdict for the defendants.

We think from the facts recited above, as did both lower courts, it was for the jury to say whether Stewart as a reasonable prudent man, after he became nauseated, should have foreseen in the event he continued to operate the bus he might become physically incapable of properly operating the bus and should have so notified his employer.

The remaining assignments of error all go to the general charge of the trial court and especially the refusal of the trial court to grant two special requests submitted by the defendants.

These same assignments were made in the Court of Appeals. In the course of that Court's opinion, it was said:

"That some, or perhaps all of these assignments of error are well taken, and that the learned trial judge should have been more specific in his charge to the jury on the law applicable to a situation where the

driver of a motor vehicle falls asleep or loses consciousness. Especially do we think that the special requests of defendants contained in Assignments of Error VII and VIII should have been given in charge to the jury, and particularly so as the learned trial judge had not in his general charge discussed the consequences of the driver of a motor vehicle losing consciousness."

However, the Court of Appeals found it was harmless error for the trial court to fail to charge the theory of the defendants and the law applicable thereto and to refuse to charge the special requests submitted by defendants, in view of the following contained in the general charge of the trial court:

"The plaintiffs sue for personal injuries that the plaintiffs allege were sustained as a direct and proximate result of the negligence of the defendants under the common law. The declaration filed by plaintiffs and their theories under the proof are that defendant, Stewart, was guilty of negligence under the common law in that he attempted to drive a large bus when he knew, or, in the exercise of reasonable and ordinary care, should have known, that he was incapacitated and unable to properly drive the bus.

"The plaintiffs' and defendants' theories and contentions have been argued to you by Counsel and their contentions have been set up and issues made by the declaration of plaintiffs and the pleas of the defendants. It is for you to say under these controverted questions where the weight of the evidence is."

The special requests are as follows:

"1. If a driver of a motor vehicle loses consciousness, and has a collision and injures another while

314

unconscious, he cannot be held liable for the injury unless such driver was reasonable aware that he was about to lose consciousness to the extent that a person of ordinary prudence would not attempt to continue driving."

"2. If a driver of a motor vehicle loses consciousness, and has a collision and injures another while unconscious, he cannot be held liable for the injury unless such driver, in the exercise of reasonable and ordinary care, should have foreseen that he might lose consciousness to the extent that a person of ordinary prudence would not attempt to continue driving."

The trial judge, in another portion of the general charge, instructed the jury as follows:

"To those declarations as filed, the defendants have interposed a plea of not guilty or general issue; and, under that plea, they say they are not guilty of the matters, things, and acts alleged against them in the declarations. The defendants have further alleged, members of the jury, that defendant, Stewart, was not negligent in driving the bus and that the collision and injuries, if any, were the result of a negligent-free and unavoidable collision."

The trial judge further charged:

"With reference to how one should drive, manage, control and operate a bus under the common law, one must drive or manage the bus he is driving in the exercise of reasonable and ordinary care. The law requires that he exercise reasonable and ordinary care in order that he may not run the vehicle he is driving into someone else lawfully using the highway or street,

and so manage and equip his vehicle that he will not cause damage to the person or property of another.''

Counsel for plaintiffs admits in his brief filed in this Court that the special requests embody a correct statement of the law, but insists the requests, if granted, would have been surplusage; and that, therefore, the Court of Appeals correctly found the error harmless.

Nowhere are we able to find in the general charge the trial judge told the jury the theory of the defense was that Stewart suddenly and without warning fainted or lost consciousness. Nor do we find he charged what the applicable law was pertaining to the theory of the defendants that Stewart, without warning, suddenly fainted or lost consciousness immediately prior to the accident.

We think the jury should have been instructed as to the theory of the defendants' defense and the law applicable thereto under the pertinent facts. *McClard v. Reid*, 190 Tenn. 337, 229 S.W.2d 505 (1950) ; *Richards v. Parks*, 19 Tenn.App. 615, 93 S.W.2d 639 (1935). This is especially true where, as in this case, a party has filed a plea setting up an affirmative defense and requested a charge of the law applicable to his theory, and the request embodies a correct statement of the law pertinent to the issues made by the pleadings, and present a theory of the case, supported by some evidence and which is a vital part of the defense, a refusal of such request is prejudicial error. *McClard v. Reid*, supra; *Kendrick v. Cisco*, 81 Tenn. 247 (1884) ; *Nashville, C. & St. L. R. Co. v. Egerton*, 98 Tenn. 541, 41 S.W. 1035 (1896) ; *Memphis Street Ry. Co. v. Newman*, 108 Tenn. 666, 69 S.W. 269 (1902) ; *Wooten v. State*, 99 Tenn. 189, 41 S.W. 813 (1897).

■ It is our opinion the failure of the trial court to charge the law applicable to the liability of a driver of a motor vehicle for the sudden loss of consciousness and his refusal to charge the special request designed to give the jury a guide upon which to base their verdict was erroneous and prejudicial. *Richards v. Parks,* supra.

The special requests point up the real and only issue as to liability in the case; that is, whether, under the facts, the defendant, Stewart, as an ordinary reasonable and prudent man, should have foreseen, in the event he continued to drive the bus after becoming nauseated, he might become incapacitated and cause harm to someone.

Finally, it is argued in the brief of Counsel for plaintiffs that Stewart admitted on cross examination he took a calculated risk and continued to drive after becoming nauseated and therefore he was warned that he might become incapacitated while operating the bus.

However, he also stated he felt better after walking around in the cool air and it did not occur to him he would lose consciousness or otherwise become incapacitated. There is also evidence his physical condition was good at the time; that the injury was not a type of injury which would cause one to lose consciousness; and that he had not fainted or lost consciousness before.

Under the facts, it was for the jury to determine this issue under proper instructions from the trial judge.

Both the trial court and the Court of Appeals are reversed and the cause remanded for a new trial. Respondents will pay the costs of the appeal, the costs below will await the final determination in the trial court.

ꞏBURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.