LEE MARSH, b/n/f MRS. MAXINE MARSH v.
VENUS RALPH PARTON.

JOHN C. MARSH v. VENUS RALPH PARTON.
—454 S.W.2d 385.

Eastern Section. October 29, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

Privette, Mann & Prince, Knoxville, for appellants.

Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, for appellee.

COOPER, J. Lee Marsh and his father, John C. Marsh, brought suit in the Circuit Court of Knox County to recover damages resulting from an automobile accident which occurred on the night of November 27, 1966, on Lonas Road in the City of Knoxville. Lee Marsh was a passenger in the automobile driven by the defendant, Venus Ralph Parton, when it left the roadway, while traversing a curve, and struck a power pole. Lee Marsh suffered facial and head cuts in the accident, and his suit was to recover damages for these injuries. His father's suit was to recover the expense incurred in providing medical treatment for his son and to recover damages for the loss of his son's services.

In their declarations, the plaintiffs charge that the accident and resulting injuries and damages were proximately caused by the negligence of the defendant in fail-

ing to keep his automobile under control, in failing to keep a lookout, and in driving his automobile at an excessive speed under the circumstances and at a speed in excess of that fixed by city ordinance (City of Knoxville Ordinance 26-159 fixes the speed limit at 30 miles per hour). The plaintiffs also charge that the defendant violated T.C.A. Section 59-858 (reckless driving), and Ordinance 26-156 of the City of Knoxville which is, in substance, a statement of the common law duty imposed on the driver of a motor vehicle.

The defendant filed special pleas denying all allegations of negligence and, in the alternative, averred that the plaintiff was guilty of contributory negligence "in failing to exercise ordinary, reasonable care for his own safety, in that he acquiesced in the manner in which defendant was driving his car."

On trial, the jury returned a verdict for the defendant, and judgments were entered dismissing both suits. Plaintiffs have appealed contending (1) the trial judge erred in failing to direct a verdict in their behalf, and (2) in failing to give a requested charge delineating the duty of Lee Marsh, to exercise reasonable care for his own safety.

The parties were the only witnesses who testified concerning the manner in which the accident occurred. They agreed the accident occurred at about 1:00 A.M., within minutes after the parties left Shoney's Drive-In on Kingston Pike in Knoxville. They further agreed that they encountered scattered patches or spots of fog between Shoney's and the accident scene. In plaintiff's version of the accident, the fog was light and did not affect visibility. According to the plaintiff, the defendant

drove in a normal manner and at a rate of speed that was reasonable under the circumstances up to the very moment of the accident, and, as a consequence, gave plaintiff no cause to expect an accident to occur nor any reason to caution the defendant concerning his driving. The plaintiff testified he constantly observed the road and was cognizant of the defendant's driving except for the moment before the accident occurred when he cast his eyes downward to adjust a transistor radio; that he then felt the automobile leave the roadway, and it struck the power pole before he could raise his head or call out to the defendant. The plaintiff further testified that the defendant, in giving his explanation of the accident, had stated he just "got over too far to the right and got off the road." There is also evidence that the defendant stated the fog had nothing to do with the accident.

The defendant testified the fog was the prime cause of the accident. According to the defendant, the patches of fog became more frequent as the parties neared Lonas Road; that on Lonas Road, the fog was closer to the roadway and "just in one big body," and visibility was limited to approximately 50 feet; that he drove in the fog on Lonas Street for about a quarter of a mile at a speed of approximately 40 miles per hour, without any protest from the plaintiff; that on entering the curve where the accident occurred he found the fog thicker, visibility less, and could not see; that the automobile left the roadway in the curve and hit the power pole located some two feet from the pavement.

■ With the evidence in this state, we think the jury reasonably could find for either party, depending upon which version of the accident the jury accepted. Consequently, we are of the opinion the trial judge correctly

submitted the issues of negligence, contributory negligence and proximate cause to the jury.

"Where the evidence is in conflict, or * * * where different conclusions might reasonably be drawn therefrom, questions of negligence and contributory negligence are for the jury. McBroom v. S. E. Greyhound Lines, 29 Tenn.App. 13, 193 S.W.2d 92; Campbell v. Campbell, 29 Tenn.App. 651, 199 S.E.2d 931. Likewise, questions of ordinary care and proximate cause are for the jury. Southeastern Greyhound Lines v. Groves, 175 Tenn. 584, 136 S.W.2d 512, 127 A.L.R. 1378; Campbell v. Campbell, supra; Fields v. Gordon, 30 Tenn.App. 110, 203 S.W.2d 934." Hale v. Rayburn, 37 Tenn.App. 413, 264 S.W.2d 230, 233.

This brings us to the material issue. Did the trial judge err in refusing to give a requested charge expanding and explaining the duty of the plaintiff to exercise reasonable care for his own safety? The trial judge, after defining negligence, contributory negligence and proximate cause, instructed the jury that:

"[I]f the plaintiff was guilty of an act or a failure to act, and if he could have, by the exercise of ordinary care, * * * have anticipated or foreseen that an injury of such a nature which occurred, if any, that it would result from an act or failure to act, then the plaintiff would be guilty of negligence. If such negligence, if any, on the part of the plaintiff, if it was the proximate cause of his own injuries, then of course, he can not recover. You can not be the author of your own misfortune.

*      *      *      *      *      *

"Now the plaintiff was a passenger in the car; and I think under the proof, there is no question about that. He

was a guest passenger, and a passenger is required to exercise a reasonable care for his own safety. By this is meant such a degree of care as would necessarily be exercised by an ordinarily prudent person who is situated as he was on this occasion. So I charge you that a passenger who is riding in a vehicle over which he has no control would not be chargeable with such negligence as might be attributable to the driver of that car; but as a passenger, he is expected to exercise a reasonable degree of care for his own safety. By that, it is meant the degree of care exercised by an ordinary prudent person who might be situated, as he was, under a like or similar set of circumstances.''

In elaboration of this charge, the plaintiff requested the trial judge to instruct the jury that:

''When a driver is proceeding at a lawful and proper rate of speed and is driving in a prudent and proper manner, the guest may rely upon the fact that he will so continue; and if the driver suddenly commits some act of negligence before the guest has time to protest or give warning, then that act of negligence on the part of the driver may not be imputable to the guest.

''Likewise, a passenger or guest will be excused from giving warning or remonstrance where the emergency came suddenly or where there was a sudden collision not immediately to be anticipated.''

The requested instruction embodies a correct statement of the law pertinent to the issues made by the pleadings and the evidence (see Bray v. Harwell, 50 Tenn. App. 143, 155, 360 S.W.2d 58, 63 and Carman v. Huff, 32 Tenn.App. 687, 695, 227 S.W.2d 780, 784), and presents a theory of the case supported by material

evidence which was not specifically included in the charge of the court. The theory was the heart of plaintiffs' position. It was the only way the plaintiffs could escape the onus of Lee Marsh's failure, as a passenger, to protest the acts of the defendant which, according to Mr. Marsh, constituted the negligence that proximately caused the accident and resulting injuries and damages. The failure of the trial judge to instruct the jury on the issue, after having been requested to do so, in our opinion was error prejudicial to the plaintiff, and requires the cases to be tried again. See McClard v. Reid, 190 Tenn. 337, 229 S.W.2d 505, 508.

Judgments reversed, and new trials granted. Costs incident to the appeal are adjudged against the defendant Venus Ralph Parton. Costs of the trial court will await the outcome of the new trials.

McAmis, P. J., and Parrott, J., concur.