Marion Gaye PATY, Plaintiff–Appellee,

v.

HERB ADCOX CHEVROLET CO., Defendant–Appellant.

Court of Appeals of Tennessee, Eastern Section.

May 16, 1988.

Permission to Appeal Denied by Supreme Court Sept. 6, 1988.

W. Neil Thomas, III and Loraine Leach Cash, with Thomas, Mann & Smith, Chattanooga, for defendant-appellant.

Allison G. Ulin, with Paty, Rymer & Ulin and J. Troy Wolfe, with Wolfe & Hudson, Chattanooga, for plaintiff-appellee.

## OPINION

SANDERS, Presiding Judge (Eastern Section).

This appeal is the outgrowth of a suit brought by Plaintiff under the Tennessee Consumer Protection Act of 1977.

In July, 1986, the Plaintiff-Appellee, Marion Gaye Paty, purchased a red Chevrolet Camaro Z28 sports coupe from Defendant-Appellant Herb Adcox Chevrolet Company for $16,357. Although the car was a "new" car under the provisions of T.C.A. § 55-5-106(e)(2), it had been driven as a demonstrator by one of the Defendant's salesmen and had approximately 3,200 miles on it. Some few weeks after the car had been purchased the Plaintiff discovered it had been damaged and repaired prior to her purchase of the vehicle, of which she had no prior knowledge.

Upon discovering the vehicle had been damaged and repaired, the Plaintiff went to Defendant to discuss a settlement of the matter. The Defendant offered to exchange another Z28 model demonstrator with like equipment and comparable mileage, but it was unacceptable because it was black, had scratches on the paint and a cigarette burn on the interior. Subsequently Plaintiff was offered a Z28 red Camaro demonstrator, also with the same equipment and comparable mileage that was in excellent condition but Plaintiff refused it because she wanted a new car.

The Plaintiff then filed suit in the circuit court and alleged, as pertinent here:

It is alleged by plaintiff that the action of defendant, Adcox-Kirby, through its duly authorized agents, officials, and/or employees, in knowingly selling her a automobile which had been wrecked and severely damaged which diminished the value of what was sold as a new demonstrator, constitutes violations of both the Uniform Commercial Code, T.C.A. 47-2-313, 47-2-314, and 47-2-721 and the Tennessee Consumer Protection Act of 1977, T.C.A. 47-18-101 et seq. and accordingly she is entitled to recover under all the remedies set forth therein.

Plaintiff further alleges that by intentionally concealing the fact that the automobile had been wrecked and repaired and concealing the list price of the automobile, defendant, Adcox-Kirby, is guilty of intentional misrepresentation and fraud which were material in inducing the plaintiff to purchase the automobile in question.

WHEREFORE, plaintiff sues defendant, Adcox-Kirby, for the sum of $7,500 an amount sufficient to compensate her for the diminished value of the automobile she purchased from defendant, plus treble damages and attorney's fees as provided for under the above cited state acts since defendant's acts were willful.

The Plaintiff also asked for punitive damages and demanded a jury to try the cause.

Upon the trial of the case the jury found the issues in favor of the Plaintiff and fixed compensatory damages at $2,000 and punitive damages at $20,000.

The Defendant filed a motion for a new trial, a judgment notwithstanding the verdict and/or a remittitur of the punitive damages.

The Plaintiff also filed a motion for the court to enter a judgment on the issues on which it had previously reserved action. She asked the court to treble the $2,000 in actual damages, as provided in T.C.A. § 47-18-109(a)(3), and attorney's fees under T.C.A. § 47-18-109(e)(1).

The court entered an order overruling all the motions and the Defendant filed notice of appeal. The Defendant has presented six issues for review, the thrust of which is: (1) Its failure to disclose to the Plaintiff that the automobile had been in an accident prior to her purchasing it did not constitute a violation of the Tennessee Consumer Protection Act and (2) Punitive damages cannot be awarded under the Act.

The Plaintiff has presented the issue of whether or not the court was in error in failing to award attorney's fees.

■ We cannot agree with the Defendant's insistence that failure to disclose to the Plaintiff that the vehicle had been involved in an accident did not constitute a violation of the Act. The proof shows the front end of the Camaro was extensively damaged when it collided with the rear end of another vehicle. Also, the Plaintiff offered proof that as a result of this accident the market value of the Camaro had been impaired between $1,500 and $2,000. The Defendant argues the Plaintiff relied upon T.C.A. § 47–18–104(b)(6) of the Act as the basis of her recovery. That section of the Code declares "representing that goods are original or new if they are deteriorated, altered to the point of decreasing the value, reconditioned, reclaimed, used or second-hand" to be unlawful. Defendant says that since it made no representation to the Plaintiff as to the condition of the car, and since T.C.A. § 55–5–106(e)(2) defines a "new passenger car" as one "which has never been the subject of a sale at retail to the general public," it could not be held liable under this section of the Act.

The record fails to disclose that the Plaintiff relied upon any specific section of the Act. Her complaint says the Defendant violated the "Tennessee Consumer Protection Act of 1977, T.C.A. 47–18–101 et seq." T.C.A. § 47–18–104(a) of the Act provides "unfair or *deceptive* acts or practices affecting the conduct of any trade or commerce are hereby declared unlawful." (Emphasis ours.) Certainly, the jury could have found the Defendant's failure to disclose to the Plaintiff that the automobile had been involved in an accident which impaired its market value $1,500 to $2,000 was deceptive and a violation of the Act.

■ This brings us to consideration of the Defendant's insistence that punitive damages may not be awarded in an action under the Tennessee Consumer Protection Act of 1977, as codified in T.C.A. § 47–18–101 et seq. We have been cited to no cases in this jurisdiction, nor have we found any, which address this issue. However, from a review of the statute we are persuaded the Defendant's insistence is correct. T.C.A. § 49–18–109, as pertinent here, provides:

Any person who suffers an ascertainable loss of money or property ... or thing of value ... as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part may bring an action ... to recover *actual damages.* (Emphasis ours.)

\*     \*     \*     \*     \*     \*

If the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper.

In determining whether treble damages should be awarded, the trial court may consider, among other things:

(A) The competence of the consumer;

(B) The nature of the deception or coercion practiced upon the consumer;

(C) The damage to the consumer; and

(D) The good faith of the person found to have violated the provisions of this part.

\*     \*     \*     \*     \*     \*

Upon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs.

We think that the legislature's restricting recovery to "actual damages" precludes the award of any other damages including punitive damages. As further evidence of the legislative intent to restrict recovery to "actual damages" as opposed to punitive damages is the provision that if the court finds the defendant's acts were "willful or knowing violation" of the statute, "the court may award three (3) times the actual damages sustained." The act further provides the court may also award the plaintiff in such actions reasonable attorney's fees and costs.

A statute is the positive declaration of what the law shall be by that branch of the government possessing legislative functions, as distinguished from the executive and judicial functions of coordinate branches. It makes positive what is already recognized as law, modifies that law, or declares to be unlawful that which hitherto had been lawful, and, apart from law established by the constitution, there can be no effective and operative law essentially different from the clearly expressed statute law. It is not required that the statutes or laws enacted be perfect, or that the entire field of proper legislation be covered by a single enactment. When duly enacted, it becomes controlling with respect to the matter to which it properly relates, and unless violative of certain fixed constitutional limitations, its effect is absolute until again changed by like legislative authority, and, although a statute and constitution are of unequal dignity, both are laws resting on the will of the people.

. . . .

82 C.J.S., *Statutes,* § 2

In light of the verdict of the jury, we hold it was error for the trial court to decline to remit the punitive damages as requested by the Appellant and to deny the motion of the Appellee to award treble actual damages and attorney's fees. The judgment of the trial court is so modified. The case is remanded for the purpose of fixing reasonable attorney's fees and the entry of a judgment in keeping with this opinion. The cost of this appeal is taxed one-half to the Appellant and one-half to the Appellee.

FRANKS and ANDERSON, JJ., concur.