Tom **LORENTZ** and **Connie Jo Lorentz,** Plaintiffs–Appellees,

v.

Ozzie **DEARDAN** d/b/a Southland Auto Sales and Homer Skelton d/b/a Homer Skelton Auto Sales, Defendants–Appellants.

Court of Appeals of Tennessee, Western Section.

Feb. 12, 1992.

Application for Permission to Appeal Denied by Supreme Court June 1, 1992.

G. Coble Caperton, Memphis, for defendants-appellants.

Sam Blair, Jr., Michael C. Patton, Memphis, for plaintiffs-appellees.

FARMER, Judge.

The defendants have appealed from the trial court's judgment entered on a jury verdict in favor of the plaintiffs finding the defendants to be in violation of the Tennessee Consumer Protection Act, ordering rescission of the contract of sale valued at $12,792.22, and awarding treble damages of $38,376.66. At the trial's conclusion, the judge also awarded plaintiffs attorneys' fees in the amount of $25,000.00.

In March 1987, the Lorentzes purchased a 1987 Pontiac Firebird from Ozzie Deardan, sales agent for Homer Skelton. Deardan represented that the car had previously been driven by a General Motors (GM) executive, had sustained some damage to the front end, and had been repaired at the factory. The car was sold to the Lorentzes with a GM new car warranty.

According to Deardan, he was informed when he purchased the car at an auto auction that the car had been damaged and repaired but was not informed that the car had been wrecked. Deardan stated that he volunteered the information that the car had been damaged to the Lorentzes to explain the reduction in price. Deardan purchased the car for $9,020.00 and sold it to the Lorentzes for $10,500.00. The repairs totaled approximately $2,900.00.

According to the Lorentzes, Deardan represented that the damage to the car totaled only about $300.00. Deardan stated that the previous driver's son had brushed against and scratched a front fender while riding his bicycle. Rather than repaint the fender, GM had it replaced. When specifically asked if the car had been wrecked, Deardan stated that it had not. The Lorentzes alleged that Deardan and Skelton knew that the car had been wrecked when these representations were made.

After purchasing the vehicle, the Lorentzes noticed that water was leaking onto the floorboard. When they took the car to a GM dealership for repairs, the Lorentzes learned that the source of the leak was a cracked firewall and that the car's frame had been damaged in an accident. Subsequently, the Lorentzes experienced problems with cracking and discoloration of the paint on the front end of the car. The Lorentzes requested rescission of the contract, but the defendants refused. The Lorentzes then sued for rescission based upon the theories of fraudulent misrepresentation and violation of the Tennessee Consumer Protection Act.

On appeal, the defendants have presented the following issues for review:

I. Did the trial court err in refusing to grant defendants' Motion for Directed Verdict at the close of plaintiffs' proof.

II. Did the trial court err in refusing to grant defendants' Motion for New Trial on the following grounds:

A. The trial court erred by instructing the jury that the amount of money set as the rescission amount was also the amount of actual damages incurred by plaintiffs under the Tennessee Consumer Protection Act.

B. The trial court erred by admitting the testimony of Rick Horton.

C. The trial court erred in admitting into evidence the documents contained in trial Exhibit 12 since they were not properly authenticated or sponsored.

D. The trial court erred in overruling the defendants' objection during plaintiffs' closing argument regarding when the defendants came into possession of the repair bill on the vehicle.

E. The trial court erred by failing to charge the jury that they could find for the defendants.

We first address the issue concerning the meaning of actual damages under the Tennessee Consumer Protection Act. The Tennessee Consumer Protection Act, codified at T.C.A. § 47–18–101 *et seq.*, prohibits businesses from engaging in acts or practices which are unfair or deceptive to the consumer. T.C.A. § 47–18–104. Under T.C.A. § 47–18–109(a)(1), any person who has suffered an ascertainable loss as a result of another's violation of the statute may sue to recover his "actual damages." T.C.A. § 47–18–109(a)(3) authorizes the court to award treble damages when the violation is willful or knowing.

■ The defendants do not dispute that rescission is available under the Tennessee Consumer Protection Act. *See, e.g., Haverlah v. Memphis Aviation, Inc.,* 674 S.W.2d 297 (Tenn.App.1984); *Brungard v. Caprice Records, Inc.,* 608 S.W.2d 585 (Tenn.App.1980). They argue, however, that the rescission amount is not properly includable within the meaning of actual damages. The defendants further argue that, in accordance with *Paty v. Herb Adcox Chevrolet Co.,* 756 S.W.2d 697 (Tenn. App.1988), the correct measure of actual damages is the diminution in market value caused by the wreck. *Id.* at 699. In this case, the defendants contend, the appropriate amount is $1,300.00.

This argument has previously been rejected by this Court in the unpublished opinion of *Spence v. Moody,* 12 T.A.M. 52–1, 1987 WL 20039 (Tenn.App. Nov. 18, 1987), wherein Judge Koch, writing for the Middle Section, stated that:

This argument fails to appreciate that the measure of damages in actions for rescission based upon common law fraud, breach of warranty, or violations of the Tennessee Consumer Protection Act of 1977 differs from the measure of damages applicable to breach of contract actions.

A purchaser who has been victimized by fraud, misrepresentation, or breach of warranty may choose among several remedies. *Isaacs v. Bokor,* 566 S.W.2d [532] 537 (Tenn.1978). The purchaser may pursue its remedies under the Uniform Commercial Code which include rejection of the goods or revocation of acceptance together with incidental and consequential damages. However, Tenn. Code Ann. §§ 47–1–103 & 47–2–721 make it clear that the Uniform Commercial Code is not intended to limit a purchaser's remedies in cases involving fraud or

misrepresentation. In these cases, the purchaser may still pursue the non-code remedy of rescission. *Calloway v. Manion*, 572 F.2d 1033, 1038–39 (5th Cir. 1978); *City Dodge, Inc. v. Gardner*, 232 Ga. 766, 208 S.E.2d 794, 796–97 (1974); *GNP Commodities, Inc. v. Walsh Heffernan Co.*, 95 Ill.App.3d 966 [51 Ill.Dec. 245, 258], 420 N.E.2d 659, 672 (1981); *Russo v. Guardsman Lease Plan, Inc.*, 82 A.D.2d 801, 439 N.Y.S.2d 214 (1981).

Actions brought pursuant to the Tennessee Consumer Protection Act of 1977 are sui generis. *See Bernard v. Central Carolina Truck Sales, Inc.*, 68 N.C.App. 228, 314 S.E.2d 582, 584 (1984). However, in addition to actual damages, Tenn.Code Ann. § 47–18–109(a)(3) empowers a court to grant whatever relief it determines to be "necessary and proper." Rescission of a contract made as a result of an unfair or deceptive trade practice can be a proper remedy in an appropriate case.

Accordingly, a defrauded buyer in Tennessee still has an "absolute right" to rescind the contract of sale. *Staggs v. Herff Motor Co.*, 216 Tenn. 113, 122, 390 S.W.2d 245, 249 (1965). If a buyer seeks this remedy, it is entitled to recover the purchase price paid if the trial court rescinds the contract. *True v. J.B. Deeds & Son*, 151 Tenn. 630, 635–36, 271 S.W. 41, 42 (1925); *Rundle v. Capitol Chevrolet*, 23 Tenn.App. 151, 159, 129 S.W.2d 217, 222 (1939). *See also Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297, 304 (Tenn.Ct.App.1984).

*Spence* at 7–8. While the *Paty* court approved as the correct measure of damages the diminution in value, we note that in *Paty* the remedy of rescission was not sought by the plaintiff and, thus, the Court did not rule on this issue. In accordance with *Spence*, therefore, we hold that the trial court did not err when it awarded three times the actual damages as measured by the rescission amount.

█ In spite of the above holding, we find it necessary to reverse the judgment of the trial court and remand this case for a new trial. In its instructions to the jury,

the trial court indicated that the plaintiffs were entitled to rescission under the theories of fraud, misrepresentation, or mutual mistake or, alternatively, violation of the Tennessee Consumer Protection Act. On the verdict form submitted to the jury, the trial court refused to include an option where the jury could find for the defendants. Apparently, the trial judge was of the opinion that the defendants could not prevail under any theory which they had advanced. The effect of these instructions was to direct a verdict for the plaintiffs even though they had not moved for such. *See Morgan v. Tennessee Central Railway Co.*, 31 Tenn.App. 409, 421, 216 S.W.2d 32, 37 (1948).

█ The trial court had the duty to instruct the jury "as to the theory of the defendants' defense and to the law applicable thereto under the pertinent facts." *Memphis Transit Management Co. v. Bradshaw*, 218 Tenn. 308, 315, 403 S.W.2d 298, 301 (1966). The refusal to give such instruction upon timely request by the defendant may constitute prejudicial error. *Id.*

The defendants advanced several theories under which they might have prevailed. With regard to the misrepresentation claim, Deardan testified that he made no misrepresentation and that he voluntarily disclosed all of the damage known.

The defendants also argued that mutual mistake was not a basis for rescission in this case on the grounds that the mistake was not a material one. *See Metropolitan Life Insurance Co. v. Humphrey*, 167 Tenn. 421, 425, 70 S.W.2d 361, 362 (1934); *Cavallo v. Gatti*, 54 Tenn.App. 529, 549–50, 392 S.W.2d 843, 852 (1965). The defendant Deardan testified that he disclosed to the Lorentzes that the car had been "damaged." If this testimony was believed, the jury could have concluded that the additional information that the car had been "wrecked" was not material.

Likewise, the jury could have concluded that Deardan's failure to disclose the additional information that the car had been wrecked was innocent in light of his disclo-

sure that the car had been damaged. In *Groover v. Torkell*, 645 S.W.2d 403 (Tenn. App.1982), we held that an innocent failure to disclose did not constitute a deceptive practice under the Tennessee Consumer Protection Act because the term "deceptive" necessarily implied an element of intent. *Id.* at 409.

The credibility of witnesses is for the jury to determine, not the trial judge. *Frank v. Wright*, 140 Tenn. 535, 542–43, 205 S.W. 434, 436 (1918); *Morgan v. Tennessee Central Railway Co.*, 31 Tenn.App. 409, 422, 216 S.W.2d 32, 37 (1948). When the evidence is conflicting as to the material issues of a case, the defendants have a constitutional right to have the jury decide disputed issues of fact. *Morgan*, 31 Tenn. App. at 422, 216 S.W.2d at 37 (citing Tenn. Const. art. I, § 6; art. VI, § 9). *See also Finks v. Gillum*, 38 Tenn.App. 304, 273 S.W.2d 722 (1954).

We conclude that the trial court's failure to instruct the jury as to each of the theories of the defendants, and failure to include an instruction that gave the jury the option of returning a verdict for the defendants, constituted prejudicial error requiring a new trial. *Memphis Transit*, 218 Tenn. at 316, 403 S.W.2d at 301. *See also Marsh v. Parton*, 61 Tenn.App. 416, 454 S.W.2d 385 (1969).

Additionally, plaintiffs have raised the following issue for review:

> Whether the trial court erred in refusing to allow the jury to award punitive damages for fraud and treble damages under the Tennessee Consumer Protection Act.

The trial court instructed the jury that it could award either (1) rescission and punitive damages based on the theory of fraudulent misrepresentation or (2) rescission and treble damages based on a willful or knowing violation of the Tennessee Consumer Protection Act. The plaintiffs deny that they are seeking double recovery but instead argue that the jury should have the discretion to award the maximum amount possible under either theory.

We find that the trial court correctly instructed the jury with regard to the plaintiffs' alternate theories of recovery.

Punitive damages are not available under the Tennessee Consumer Protection Act. *Paty*, 756 S.W.2d at 699–700. The Act permits treble damage awards in lieu of, but not in addition to, punitive damages. *Spence*, at 5. The trial court allowed the plaintiffs to plead alternate theories of recovery and made it clear to the jury that they could make an award to the plaintiffs under either theory.

In view of our holding in this case, all other issues raised by the parties are pretermitted.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellees for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.