Stanley SMITH and wife Linda Smith, Plaintiffs–Appellees,

v.

SCOTT LEWIS CHEVROLET, INC., Defendant–Appellant.

Court of Appeals of Tennessee, Eastern Section.

April 16, 1992.

Application for Permission to Appeal Denied by Supreme Court Sept. 8, 1992.

Janet L. Hogan, Knoxville, for appellant.

Wayne K. Houser, Jr., Knoxville, for appellees.

## OPINION

GODDARD, Judge.

This is an appeal from a jury verdict finding the Defendant, Scott Lewis Chevrolet, Inc., liable for unfair and deceptive trade practices under the Tennessee Consumer Protection Act entitling the Plaintiff, Stanley Smith, to rescind the automobile sales contract and an award of attorney's fees.

The Plaintiff purchased a used truck from the Defendant signing an "as is" sales contract. In deciding to purchase the vehicle the Plaintiff relied on the Defendant's representations that the truck had never been wrecked. However, the Plaintiff later discovered that the truck had been wrecked prior to purchase. The Plaintiff filed a complaint alleging violations under the Tennessee Consumer Protection Act, common law fraud and intentional or negligent misrepresentation. The jury found in favor of the Defendant on the

issues of fraud and intentional misrepresentation, but rendered a verdict in favor of the Plaintiff under the Tennessee Consumer Protection Act.

By its issues on appeal the Defendant contends that the "as is" contract effectively disclaimed all prior representations and that the Tennessee Consumer Protection Act claim is foreclosed as a matter of law due to the jury's findings exonerating the Defendant of common law fraud and misrepresentation. The Defendant further contends that contract rescission is not an available remedy under the Tennessee Consumer Protection Act.

## FACTS

In July 1987 the Plaintiff bought a 1987 Chevrolet Silverado pick-up truck from the Defendant. The purchase of the used vehicle was governed by an "as is" disclaimer attached to the truck[1] which stated:

## "AS IS—NO WARRANTY"

YOU WILL PAY ALL COSTS FOR ANY REPAIRS. The dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle. Further, the Plaintiff signed an "Automobile Agreement" which stated the following terms:

It is agreed that this document contains the entire agreement between the parties pertaining to the purchase of the motor vehicle described herein. Purchaser expressly agrees that there are no other verbal or side agreements.

Purchaser understands and agrees that all used cars are sold "AS IS" and that any warranty must be in writing. Purchaser hereby acknowledges that he or she was not induced to buy a used car by any statement or representation of seller, included in this document, pertaining to the history or condition of the used car.

Prior to deciding to purchase the truck, the Plaintiff contends that he asked Joy Triplett, Defendant's salesperson, whether that truck had ever been wrecked. Ms. Triplett allegedly told the Plaintiff that the truck had never been wrecked, although she testified that she did not recall that particular conversation. Nonetheless, in reliance on this representation, the Plaintiff decided to purchase the truck.

In May 1988, the Plaintiff took the truck to Beaty Chevrolet to get the head gaskets replaced. During the repairs, the mechanics discovered that the frame had been damaged extensively and welded back together. The mechanics elaborated that the damage was not readily apparent and could only be discovered when the engine was removed. The Defendant, who had obtained the truck from an auto auction in which "only the highest quality vehicles were sold", avers that neither it nor any of its mechanics were aware of the damage prior to the Plaintiff's purchase despite conducting several inspections on the vehicle.

In September 1988, the Plaintiff filed a complaint to rescind the contract under common law fraud, misrepresentation and the Tennessee Consumer Protection Act. The jury returned a verdict in favor of the Defendant on the grounds of fraud and misrepresentation. However, the jury imposed liability under the Tennessee Consumer Protection Act and awarded the Plaintiff the cost of the vehicle less an allowance for mileage which netted $11,771.30 and ordered the truck to be returned to the Defendant. The jury also awarded reasonable attorney's fees which the Trial Court determined to be $4,500.

## LAW

The Defendant contends that the "as is" contract signed by the Plaintiff effectively disclaimed all prior representations, thereby eliminating the element of deception inherent in a violation of the Tennessee Consumer Protection Act. Furthermore, the jury's findings relating to fraud and misrepresentation exonerate the Defendant from liability under the Act. As such, the Tennessee Consumer Protection Act claim is foreclosed as a matter of law. Finally, the Defendant contends contract rescission does not constitute actual damages under the Act and therefore is not available. For the reasons set forth below, we disagree and affirm.

---

1. However, the Plaintiff contends that he never saw any disclaimer attached to the truck when he decided to purchase the vehicle.

The sale was governed by an "as is" contract disclaiming all prior representations. The Defendant asserts that the disclaimer constituted full disclosure to the Plaintiff that the seller is not making any warranties or representations upon which the purchaser is justified in relying on a claim for fraud or misrepresentation. The Defendant relies on the Uniform Commercial Code which provides that a seller may disclaim all implied warranties. Specifically, T.C.A. 47-2-316(3)(a) provides the following:

*Exclusion or modification of warranties.*

. . . .

unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty.

■ The Tennessee State Supreme Court recently addressed this particular issue. In *Morris v. Mack's Used Cars*, 824 S.W.2d 538 (Tenn.1992),[2] the buyer of a used truck, purchased via an "as is" contract, sued for the diminution in value when he discovered that the vehicle had been "reconstructed" prior to his purchase and the seller failed to disclose that fact to the buyer. The fact that the vehicle had been "reconstructed" reduced the truck's fair market value 30 to 50 percent. In imposing liability upon the seller for unfair or deceptive acts, the Court found that the Consumer Protection Act "creates a separate and distinct cause of action for unfair or deceptive acts or practices." *Morris*, supra. In reversing this Court's appellate decision holding in favor of the seller in *Morris*, the Supreme Court tacitly agreed with Judge Frank's dissenting comment that to hold otherwise would vitiate the "broad remedial intent of the Act to say that someone who has successfully disclaimed a contractual warranty has a license to engage in unfair or deceptive consumer practices." *Morris v. Mack's Used Cars & Parts, Inc.*, Eastern Section Court of Appeals, January 18, 1991, 1991 WL 3310 (J. Franks dissenting). Specifically, the Court held that disclaimers permitted by T.C.A. 47-2-316 may limit or modify liability otherwise imposed by the Uniform Commercial Code, but such disclaimers do not defeat separate causes of action for unfair or deceptive acts under the Tennessee Consumer Protection Act, T.C.A. 47-18-101 to -5002. *Morris*, supra; see T.C.A. 47-18-113(a) (provision specifically prohibits disclaimers of liability under the Consumer Protection Act).

This holding is analogous to the reasoning in the substantially similar case of *Paty v. Herb Adcox Chevrolet Co.*, 756 S.W.2d 697 (Tenn.App.1988). In *Paty*, the seller's failure to disclose to the buyer that the vehicle had been wrecked and repaired constituted a violation of the Consumer Protection Act. Likewise, this holding is consistent with other states which have recognized that the disclaimer of warranty liabilities under the Uniform Commercial Code, i.e., "as is", "no warranties", does not prohibit claims premised on unfair trade practices. *Lindsay v. McMilian*, 649 S.W.2d 491 (Mo.App.1983); *Society National Bank v. Pemberton*, 409 N.E.2d 1073 (Ohio Mun.1979); *Attaway v. Tom's Auto Sales, Inc.*, 144 Ga.App. 813, 242 S.E.2d 740 (1978).

As such, an "as is" disclaimer does not effectively disclaim all prior representations under the Tennessee Consumer Protection Act as a matter of law.

The Defendant further asserts that the jury's findings in its favor on the issues of common law fraud and intentional or negligent misrepresentation precludes liability imposed under the Consumer Protection Act. The Defendant premises this issue on a dialogue between the Trial Court and the Jury Foreman which transpired during the rendering of the verdict. It occurred as follows:

THE COURT: All right; we need to— all right, on the common law theories of

---

**2.** In fairness to counsel, it should be noted that the opinion in *Morris* was filed long after this appeal was perfected.

recovery on fraud and intentional or negligent representation you find for the defendant, is that correct?

JURY FOREMAN: Right. We didn't find him in any fraudulent or willful misconduct, Your Honor.

THE COURT: All right. Under the Tennessee Consumer Protection Act theory, did you find for the plaintiff, then?

JURY FOREMAN: Yes, sir.

The Defendant cites *Groover v. Torkell*, 645 S.W.2d 403 (Tenn.App.1982), for the proposition that "unfair" or "deceptive" conduct prohibited by the Act requires some actual deception or intent to mislead the purchaser about the condition of the product. The Defendant contends that its alleged failure to disclose the damaged frame, which it had no knowledge nor reasonable suspicion, is insufficient to support a judgment under the Act considering the jury's findings on the theories of fraud and misrepresentation. We disagree.

■ In *Groover*, William L. Groover, Jr., brought an action against the United Services Automobile Association alleging that the company violated T.C.A. 56–7–1201 by failing to provide him an opportunity to purchase higher than minimum uninsured motorist coverage. The trial court directed a verdict in favor of the plaintiff under T.C.A. 56–7–1201 on the issue of liability. On *de novo* review by the appellate court, the court found that the issue of liability was a jury question and reversed and remanded the case to determine whether USAA had in fact provided the plaintiff an opportunity to purchase higher insurance in accordance with the statutory requirements of T.C.A. 56–7–1201. In disposing of the Plaintiff's allegations of violations under Consumer Protection Act whereby the Defendant committed deceptive trade practices by failing to disclose the opportunity to purchase higher coverage, the Court noted, in pertinent part:

The Tennessee Consumer Protection Act declares unlawful any "unfair or deceptive acts or practices affecting the conduct of any trade or commerce." T.C.A. § 47–18–104. However we do not think that under the facts in this record the defendant has committed acts which are declared unlawful by that code section. The appellee asserts that the failure to disclose constitutes a deceptive practice. However, the concept of "deceptive" carries with it an element of intent which we do not find present in this case. If the defendant failed to disclose the availability of the insurance in question, it was an innocent mistake and not intended to deceive the plaintiff. We think that is the only reasonable conclusion to be drawn from the evidence in the record.

*Groover*, supra, at page 409. The appellate court found that, on the facts before them, the defendant had not committed an "unfair or deceptive act" under T.C.A. 47–18–104. Without deciding whether the defendant had failed to provide notice, the court characterized the miscommunication as, at best, an "innocent mistake" which would require the jury to decide on remand if it in fact constituted an "unfair or deceptive act" under the Consumer Protection Act. The *Groover* Court did not intend to limit causes of action under the Act to only fraudulent and willful conduct. As such, we believe the language concerning "deceptive" requiring an element of intent is merely dicta and should be limited to the facts of that case.

■ Furthermore, an unfair or deceptive act need not be willful or knowingly made to recover actual damages under the Consumer Protection Act. *Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297 (Tenn.App.1984). Under the Act, a plaintiff's remedy is normally limited to actual damages and reasonable attorney's fees, but the court may award treble damages if the violation was willful or knowing. *Brungard v. Caprice Records, Inc.*, 608 S.W.2d 585 (Tenn.App.1980). To limit recovery to only fraudulent, willful or knowing misconduct would render the treble damages provision for willful and knowing violations of the Act redundant which is to be avoided when construing statutes. *Holmes v. Foster Pontiac GMC, Inc.*, an unpublished opinion of this Court, filed in Jackson May 10, 1989, 1989 WL 48515 cit-

ing *City of Caryville v. Campbell County,* 660 S.W.2d 510 (Tenn.App.1983). Hence, recovery under the Act is not constrained to intentional acts, rather it also contemplates negligent conduct.

■ Review of findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict. Rule 13(d) of the Tennessee Rules of Appellate Procedure. In the instant case, the Plaintiff alleged common law fraud and intentional or negligent misrepresentation along with violations of the Consumer Protection Act for unfair or deceptive trade practices. Under the Act the Plaintiff specifically alleged that the Defendant used deceptive representations or designations of geographic origin in connection with goods or services, T.C.A. 47–18–104(b)(4), and engaged in any other act or practice which is deceptive to the consumer or to any other person. T.C.A. 47–18–104(b)(27). The jury found that the Defendant did not commit any fraudulent or willful misconduct. However, there is ample evidence in the record to indicate that the Defendant negligently misrepresented the condition of the truck. Because the jury did not have to find fraudulent or intentional misconduct to impose liability under the Act as a matter of law, see *Haverlah,* supra, the jury could properly find that negligent misrepresentation constituted "any other act or practice which is deceptive to the consumer...." Therefore we find the jury's verdict to be proper.

Finally, the Defendant asserts that contract rescission is not an available remedy under the Consumer Protection Act. A private right of action under the Act limits the plaintiff to recovery for actual damages, or in the case of willful conduct, treble damages. T.C.A. 47–18–109(a)(1, 3). The Defendant contends that the diminution in value of the truck constitutes the actual damages under the statute and, as such, the Trial Court erroneously permitted rescission.

■ In addition to actual damages, the Consumer Protection Act empowers a court to grant whatever relief it determines to be "necessary and proper." T.C.A. 47–18–109(a)(3). Rescission of a contract made as a result of an unfair or deceptive trade practice is a proper remedy available under the Tennessee Consumer Protection Act. See *Haverlah,* supra; *Brungard,* supra. If a buyer seeks this remedy, it is entitled to recover the purchase price paid if the trial court rescinds the contract. *True v. J.B. Deeds & Son,* 151 Tenn. 630, 271 S.W. 41 (1925); *Rundle v. Capitol Chevrolet,* 23 Tenn.App. 151, 129 S.W.2d 217 (1939); see also *Haverlah,* supra. Therefore, the Trial Court properly permitted the jury to award the Plaintiff contract rescission and recover the purchase price less a stipulated allowance for mileage.

We recognize that the foregoing Code Section refers to willful and knowing misrepresentation and that in the case at bar the jury specifically absolved Scott Lewis Chevrolet from the quoted misconduct. However, other cases have found the remedy of rescission appropriate even where the action complained of did not come under the provisions of T.C.A. 47–18–109(a)(3). *Haverlah,* supra.

Before concluding, we note that counsel for Scott Lewis Chevrolet has quoted a colloquy between the Court and the jury foreman out of context. Counsel's brief quotes from the record as follows:

THE COURT: What is your verdict?

JURY FOREMAN: A slight oversight we find not by negligence ...

THE COURT: All right; we need to—all right, on the common law theories of recovery on fraud and intentional or negligent representation you find for the defendant, is that correct?

JURY FOREMAN: Right. We didn't find him in any fraudulent or willful misconduct, Your Honor.

THE COURT: All right. Under the Tennessee Consumer Protection Act theory, did you find for the plaintiff, then?

JURY FOREMAN: Yes, sir.

In fact, the record discloses an additional statement by the jury foreman:

THE COURT: What is your verdict?

JURY FOREMAN: A slight oversight we find not by negligence—*I mean, not by fraudulent reasons, but we find for the plaintiff.* (Emphasis supplied.)

A fair reading of the quoted colloquy persuades us that the jury found Scott Lewis Chevrolet innocent of willful or knowing misrepresentation, but given the fact it cast Scott Lewis in judgment, guilty of negligence.

Needless to say, the Court appreciates accurate quotations from the record and assumes counsel's omission is a result of oversight rather than any attempt to mislead the Court.

For the foregoing reasons the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Scott Lewis Chevrolet, Inc., and its sureties.

SANDERS, P.J. (E.S.), and McMURRAY, J., concur.