IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2003 Session

## SHAWN T. VINEYARD v. BILL VARNER DBA FOUNTAIN CITY AUTO SALES

**Appeal from the Circuit Court for Knox County**
**No. 3-78-02      Wheeler A. Rosenbalm, Judge**

**FILED NOVEMBER 25, 2003**

**No. E2003-00436-COA-R3-CV**

Shawn T. Vineyard ("the plaintiff") purchased a 1991 Nissan automobile from Bill Varner, doing business as Fountain City Auto Sales ("the defendant"). Later, the plaintiff sued the defendant alleging a fraudulent misrepresentation and a violation of the Tennessee Consumer Protection Act ("the TCPA") in connection with the sale. In addition to other relief, the plaintiff sought compensatory damages; in the alternative, he asked for rescission of the sale agreement. After the trial court denied the defendant's motion for summary judgment, this matter proceeded to trial before a jury. The jury, in response to interrogatories, found the defendant guilty of violating the TCPA, but found no damages. The jury also found that the defendant had committed a fraudulent misrepresentation in connection with the sale of the automobile and assessed the plaintiff's damages at $2,100.[1] In response to post-trial motions, the trial court decreed rescission and awarded the plaintiff the purchase price of $2,100. Defendant appeals, arguing that the trial court erred (1) in denying his motion for summary judgment; (2) in decreeing rescission and otherwise modifying the jury's verdict; and (3) in awarding attorney's fees of $12,000 to the plaintiff. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and WILLIAM H. INMAN, SR. J., joined.

David L. Bacon, Knoxville, Tennessee, for the appellant, Shawn T. Vineyard.

Luis C. Bustamante and Robert L. Vance, Knoxville, Tennessee, for the appellee, Bill Varner.

**OPINION**

---

[1]The jury also found the defendant was not liable for punitive damages.

I.

The issues presented for our review raise questions of law. Therefore, our scope of review is *de novo* with no presumption of correctness as to the trial court's conclusions of law. *See **The Bank/First Citizens Bank v. Citizens and Assoc.***, 82 S.W.3d 259, 262 (Tenn. 2002) (citing ***Southern Constructors, Inc. v. Loudon County Bd. of Educ.***, 58 S.W.3d 706, 710 (Tenn. 2001)); ***Ridings v. Ralph M. Parsons Co.***, 914 S.W.2d 79, 80 (Tenn. 1996) (citing Tenn. R. App. P. 13(d); ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993)).

II.

The defendant argues on appeal that the trial court erred in denying his motion for summary judgment. It is well-settled that "[a] trial court's denial of a motion for summary judgment, predicated upon the existence of a genuine issue of material fact, is not reviewable on appeal when a judgment is subsequently rendered after a trial on the merits." ***Bradford v. City of Clarksville***, 885 S.W.2d 78, 80 (Tenn. Ct. App. 1994); *see also **Hobson v. First State Bank***, 777 S.W.2d 24, 32 (Tenn. Ct. App. 1989); ***Mullins v. Precision Rubber Products Corp.***, 671 S.W.2d 496, 498 (Tenn. Ct. App. 1984); ***Tate v. County of Monroe***, 578 S.W.2d 642, 644 (Tenn. Ct. App. 1978). The meager record before us[2] does not reflect the trial court's rationale for denying the defendant's motion. Apparently, the trial court believed there was a genuine issue of material fact that precluded summary judgment. This being the case, the propriety of the trial court's denial of the defendant's summary judgment motion cannot be raised in this appeal in view of the fact "a judgment [was] subsequently rendered after a trial on the merits." ***Bradford***, 885 S.W.2d at 80. Accordingly, we decline to address the merits of this issue.

III.

The jury in this case returned a verdict in favor of the plaintiff, determining, by way of a special verdict form, that (1) the defendant was liable to the plaintiff for violating the TCPA; (2) the plaintiff suffered no damages as the result of the defendant's violation of the act; (3) the defendant was liable to the plaintiff for a fraudulent misrepresentation; and (4) the plaintiff was entitled to $2,100 in compensatory damages for the defendant's fraudulent misrepresentation.[3] The defendant filed a motion for judgment notwithstanding the verdict. Thereafter, the plaintiff filed a response and motion, in which the plaintiff asked the trial court (1) to alter or amend the judgment and (2) to award him attorney's fees. The plaintiff specifically requested, in relevant part, that the trial court rescind the contract; order the defendant to refund the purchase price of the automobile; and award him reasonable attorney's fees and costs. On January 24, 2003, the trial court entered judgment on the jury verdict. A week later, on January 31, 2003, the trial court entered an "order of judgment,"

---

[2]Missing from the record is an order addressing the defendant's summary judgment motion.

[3]While there is no transcript or statement of the evidence, it appears from the pleadings that the fraudulent misrepresentation pertained to the accuracy of the Nissan's odometer.

resolving the parties' post-trial motions by denying the defendant's request for judgment notwithstanding the verdict and by granting the plaintiff's request for rescission. The court ordered the plaintiff to return the 1991 Nissan automobile to the defendant; directed the defendant to refund to the plaintiff the $2,100 purchase price; and awarded the plaintiff $12,000 in attorney's fees and costs.

IV.

The defendant's second argument on appeal is that the trial court erred in decreeing rescission and otherwise modifying the jury's verdict.

A trial court has discretion with respect to the type of relief it will grant for violations of the TCPA. *See* Tenn. Code Ann. § 47-18-109(1), (a)(3) (2001); ***Lorentz v. Deardan***, 834 S.W.2d 316, 319 (Tenn. Ct. App. 1992); ***Smith v. Scott Lewis Chevrolet, Inc.***, 843 S.W.2d 9, 13 (Tenn. Ct. App. 1992). Specifically, under the TCPA, "[i]f the court finds that the use or employment of the unfair or deceptive act or practice was a *willful or knowing* violation of this part, the court . . . may provide . . . relief as it considers necessary and proper." Tenn. Code Ann. § 47-18-109(a)(3) (emphasis added). It is well-settled that the equitable remedy of rescission is an appropriate remedy under the TCPA. ***Lorentz***, 834 S.W.2d at 318; *see also* ***Smith***, 843 S.W.2d at 13; ***Haverlah v. Memphis Aviation, Inc.***, 674 S.W.2d 297, 304-05 (Tenn. Ct. App. 1984); ***Brungard v. Caprice Records, Inc.***, 608 S.W.2d 585, 591 (Tenn. Ct. App. 1980). Further, a plaintiff who is granted rescission is "entitled to recover the purchase price paid" under the contract. ***Smith***, 843 S.W.2d at 13; *see also* ***True v. J.B. Deeds & Son***, 151 Tenn. 630, 633, 271 S.W. 41, 42 (1925).

The decision to grant or deny rescission is a matter resting within the sound discretion of the trial court, and we will not disturb a trial court's decision with respect to this matter absent an abuse of that discretion. *See* ***Vakil v. Idnani***, 748 S.W.2d 196, 199-200 (Tenn. Ct. App. 1987). Under the abuse of discretion standard, "'[a]n appellate court should not reverse . . . a discretionary judgment of a trial court unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining.'" ***Marcus v. Marcus***, 993 S.W.2d 596, 601 (Tenn. 1999) (quoting ***Ballard v. Herzke***, 924 S.W.2d 652, 661 (Tenn. 1996)) (citations omitted).

The defendant argues that the trial court committed "clear error" by altering the judgment of the jury to grant rescission and award damages under the TCPA. We find nothing here to persuade us that the trial court abused its discretion in granting rescission and awarding the plaintiff a judgment for the $2,100 purchase price. Under the TCPA, a trial court has the discretion to award "necessary and proper" relief when a defendant willfully violates the TCPA. *See* Tenn. Code Ann. § 47-18-109(a)(3). Here, the jury found that the defendant violated the TCPA and committed a *fraudulent* misrepresentation. As a result, the jury's findings establish that the defendant's actions constituted a "willful or knowing" violation of the terms of the TCPA. Therefore, the trial court was vested with authority under the TCPA to grant the relief that it determined to be "necessary and proper" in this case. Further, the defendant is incorrect in his assertion that the trial court awarded

*damages* under the TCPA. This is not what happened; rather, the court, based upon the jury's findings, decreed rescission and ordered the defendant to return the $2,100 purchase price to the plaintiff. We find no abuse of discretion in the trial court's action.

V.

The defendant's third argument on appeal is that the trial court erred in awarding attorney's fees under the TCPA.

A trial court may award "reasonable attorney's fees and costs" to a plaintiff under the TCPA "[u]pon a finding by the court that a provision of this part has been *violated.*" Tenn. Code Ann. § 47-18-109(e)(1) (2001) (emphasis added)[4]; *see also* **Killingsworth v. Ted Russell Ford, Inc.**, 104 S.W.3d 530, 533 (Tenn. Ct. App. 2002). The decision to award attorney's fees rests within the discretion of the trial court. **Haverlah**, 674 S.W.2d at 306. We review an award of attorney's fees under an abuse of discretion standard. **Id.**

The defendant argues that the jury "of necessity found that the [TCPA] did not . . . apply" in this case because of the jury's finding that the plaintiff did not suffer actual damages under the TCPA. Specifically, the defendant argues that attorney's fees may not be awarded in this case because the jury did not find the plaintiff was due any damages under the TCPA. He points out that damages were awarded in this case in connection with the trial court's finding of a fraudulent misrepresentation, a tort for which attorney's fees are not available as a part of the remedy. Although the defendant is correct that, generally speaking, attorney's fees may not be awarded in cases involving common law actions such as a claim for a fraudulent misrepresentation, **Pullman Standard, Inc. v. Abex Corp.**, 693 S.W.2d 336, 338 (Tenn. 1985), we do not find persuasive the defendant's argument that the TCPA is not implicated in this case. The defendant's position flies in the face of the jury's special verdict *expressly* finding that he violated the TCPA. Because the defendant violated the TCPA, the trial court acted within its authority when it awarded attorney's fees and costs under that statutory scheme. *See* **Killingsworth**, 104 S.W.3d at 533. We find no abuse of discretion in the trial court's award of attorney's fees.

VI.

The judgment below is affirmed. This case is remanded to the trial court for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Bill Varner.

---

[4]The purpose of "[t]he potential award of attorney's fees under the [TCPA] is intended to make prosecution of such claims economically viable to [the] plaintiff." **Killingsworth v. Ted Russell Ford, Inc.**, 104 S.W.3d 530, 535 (Tenn. Ct. App. 2002) (quoting **Adkinson v. Harpeth Ford-Mercury, Inc.**, App. No. 01A01-9009-CH00332, 1991 WL 17177, at *9 (Tenn. Ct. App. M.S., filed February 15 1991)).

_____
CHARLES D. SUSANO, JR., JUDGE